IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jay Walter Tate, Jr., | ) | C/A No. 0:11-332-TMC-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Warden Eagleton, | ) | |
| Respondent. | ) | |

The petitioner, Jay Walter Tate, Jr. ("Tate"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 33.) Tate filed a response in opposition to the respondent's motion. (ECF No. 46.) Having carefully considered the parties' submissions and the record in this case, the court finds that Tate's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Tate was indicted in 1994 in Cherokee County for murder (94-GS-11-928) and assault and battery with intent to kill (94-GS-11-929). (ECF No. 31-2 at 204-05, 208-09.) Tate was represented by Richard Warder, Esquire, and on January 17-18, 1995 was tried before a jury and found guilty of murder and assault and battery of a high and aggravated nature ("ABHAN"). (ECF No. 31-2 at 117-18.) The circuit court sentenced Tate to life imprisonment for murder and nine years' imprisonment for ABHAN, both sentences to be served concurrently. (Id. at 124.)

Tate timely appealed and continued to be represented by Richard H. Warder, Esquire, who filed an Anders[1] brief on August 9, 1995. (ECF No. 31-8 at 10-18.) However, on November 2, 1995 the South Carolina Court Supreme Court dismissed Tate's appeal for failure to timely serve the record on appeal. (ECF No. 31-2 at 128.) The remittitur was issued on November 20, 1995. (Id. at 129.)

Tate filed a *pro se* application for post-conviction relief ("PCR") on December 4, 1995. (Tate v. State of South Carolina, 95-CP-11-0382, id. at 130-37.) On December 5, 1996, through appointed counsel Keith R. Kelly, Esquire, Tate filed an amended application. (ECF No. 31-2 at 139-41.) On November 13, 1997, the PCR court held an evidentiary hearing at which Tate was present and testified. (Id. at 162-88.) By order filed August 11, 1998, the PCR judge denied and dismissed Tate's PCR application with prejudice. (Id. at 196-201.)

In his PCR appeal, Tate was represented by Daniel T. Stacey, Esquire, Chief Attorney for the South Carolina Office of Appellate Defense, who filed a petition for a writ of certiorari on Tate's behalf on February 1, 1999. (ECF No. 31-4.) In addition, counsel for Tate filed a Brief of Appellant pursuant to White v. State.[2] (ECF No. 31-5.) The State filed a return (ECF No. 31-6), and Tate filed a reply (ECF No. 31-8). In an order dated June 22, 2000, the South Carolina Supreme Court granted Tate's petition for a writ of certiorari. (ECF No. 31-9.) Within its Order, the Court found that Tate

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[2] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).



was entitled to a belated direct appeal, but ordered briefing on the issue of whether counsel was ineffective for failing to challenge the validity of the indictments. (Id.) Following briefing and oral argument by both parties, the South Carolina Supreme Court issued an opinion on June 25, 2001 affirming the decision of the PCR court. Tate v. State, 549 S.E.2d 601 (S.C. 2001); (ECF No. 31-12.) Tate filed a petition for rehearing on July 10, 2001 (ECF No. 46-1 at 1-3) which was denied on August 8, 2001. (Id. at 4.) The remittitur was issued August 8, 2001. (ECF No. 31-13.)

On November 2, 2001, Tate filed a *pro se* "petition for a writ of habeas corpus" in the Cherokee County Court of Common Pleas. (ECF No. 31-15 at 3-10.) William Rhoden, Esquire, was appointed to represent Tate, but Tate requested that his counsel be relieved and that he be allowed to proceed *pro se*. (See id. at 19.) Tate's request to proceed *pro se* was granted on January 15, 2002. (See id. at 19-20.) The State filed a return and motion to dismiss on August 1, 2003. (Id. at 11-13.) On September 3, 2003, the state court held a hearing on Tate's petition, at which Tate was present and testified. (Id. at 14-32.) By order dated October 13, 2003, the state court judge granted the State's motion, denying and dismissing Tate's petition for a writ of habeas corpus with prejudice. (Id. at 33-38.) Specifically, the state court found that (1) Tate had failed to show that he was entitled to pursue a habeas corpus petition in state circuit court; (2) Tate's claim that the trial court lacked subject matter jurisdiction was without merit; and (3) with the exception of Tate's claim regarding subject matter jurisdiction, even if Tate's petition were construed as a properly filed PCR application, it was untimely and successive. (Id.)

Tate filed a *pro se* notice of appeal. On December 9, 2004, Robert M. Dudek, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense, filed an Anders brief on Tate's behalf. (ECF No. 31-16.) Tate filed a pro se brief on January 20, 2005. (ECF No. 31-17.) In an opinion filed May 23, 2005, the South Carolina Court of Appeals dismissed Tate's

appeal. (Tate v. State, Op. No. 2005-UP-352 (S.C. Ct. App. May 23, 2005), ECF No. 31-18.) The remittitur was issued on June 8, 2005. (ECF No. 31-19.)

On July 28, 2005, Tate filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of South Carolina. (ECF No. 31-20); see C/A No. 9:05-cv-2269-GRA-GCK. The respondents filed a motion and memorandum in support of summary judgment on March 9, 2006. (ECF Nos. 32-1 & 32-2.) In response, on May 10, 2006 Tate filed a motion to dismiss his petition without prejudice or, in the alternative, for leave to withdraw his habeas petition and allow him to re-file it at a later date. (ECF No. 32-4.) The court issued an order on May 15, 2006 granting Tate's motion and dismissing his federal habeas petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 32-5.)

Prior to the dismissal of his federal habeas petition, on August 2, 2005 Tate filed a writ of mandamus in the Cherokee County Court of Common Pleas. (ECF No. 32-7 at 3-8.) The State filed a return and motion to dismiss. (Id. at 9-16.) On September 19, 2006, the circuit court held a hearing on Tate's petition, at which Tate was present and was represented by Rodney W. Richey, Esquire. (Id. at 17-26.) At the hearing, the circuit court judge found that Tate's action was successive and filed beyond the statute of limitations and dismissed Tate's petition with prejudice. (Id. at 24.) The circuit court issued an order on April 17, 2007 construing Tate's filing as a writ of mandamus and finding that is should be dismissed. (Id. at 27-34.) Specifically, the circuit court ruled that the allegations raised by Tate had already been raised and ruled upon by a higher court. (Id. at 32.) Additionally, the circuit court found that, while it did not construe Tate's filing as a PCR application, even if it did, Tate's application was successive, barred by the doctrine of *res judicata*, and untimely, and his allegation that the trial court lacked subject matter jurisdiction was without merit. (Id. at 32-33.)

Tate appealed, and on May 14, 2007 filed a *pro se* explanation pursuant to Rule 227(c) of the South Carolina Appellate Court Rules as to why his appeal should not be summarily dismissed. (ECF No. 32-8 at 1-8.) On May 17, 2007, the South Carolina Supreme Court issued an order construing the matter as an appeal from the denial of Tate's petition for a writ of mandamus and transferring the matter to the South Carolina Court of Appeals. (ECF No. 32-9.) Rodney W. Richey, Esquire, filed an Anders brief on Tate's behalf on February 8, 2008. (ECF No. 32-10.) Tate filed a *pro se* brief on March 10, 2008. (ECF No. 32-11.) The State filed a response. (ECF No. 32-12.) On September 2, 2009, the South Carolina Court of Appeals issued an opinion affirming the decision of the circuit court. (Tate v. State, Op. No. 2009-UP-413 (S.C. Ct. App. Sept. 2, 2009), ECF No. 32-13.) The remittitur was issued on September 18, 2009. (ECF No. 32-14.)

Tate filed an additional PCR application on August 8, 2008. (ECF No. 32-15.) The State filed a return and motion to dismiss. (ECF No. 32-16.) On May 16, 2009, the circuit court issued a conditional order of dismissal which was served on Tate on June 17, 2009. (ECF Nos. 32-17 & 32-18.) Tate filed a response to the court's order (ECF No. 32-19), as well as discovery requests (ECF No. 32-20). On December 3, 2009, the circuit court issued a final order, finding that Tate failed to meet his burden to demonstrate after-discovered evidence and that he failed to present sufficient cause for filing a successive and untimely application. (ECF No. 32-21.)

Tate appealed and requested that counsel be appointed in his PCR appeal. (ECF No. 32-22.) The South Carolina Supreme Court denied Tate's request for counsel by letter order dated November 9, 2010. Tate filed a *pro se* written explanation pursuant to South Carolina Appellate Court Rule 243(c) on November 12, 2010. (ECF No. 32-24.) On November 18, 2010, the South Carolina Supreme Court issued an order dismissing Tate's appeal. (ECF No. 25.) The remittitur was issued December 6, 2010. (ECF No. 32-26.) This action followed.

# FEDERAL HABEAS ISSUES

Tate filed the instant Petition for a writ of habeas corpus on February 9, 2011. (ECF No. 1.) Additionally, Tate filed an amendment to his Petition on May 17, 2011. (ECF No. 11.) In his Petition and amendment, Tate raises the following issues:

> **Ground One:** The state court decision denying me relief on my claim of ineffective assistance of counsel was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Two:** The state court decision denying me relief on my claim of a[n] unconstitutional burden shifting reasonable doubt jury instruction was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Three:** The state court decision denying me relief on my claim of lack of subject matter jurisdiction, or lack of jurisdiction for my indictments not being filed with the clerk of court was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Four:** The state court decision denying me relief for a violation of the 180 day rule, was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Five:** The state court decision denying me relief on my writ of mandamus was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **[Ground Six:]** The state court decision not to grant Petitioner relief on his due process claim of a[n] irregularity in the indictment process was objectively unreasonable to clearly established law as provided by the United States Supreme Court.

(ECF Nos. 1 & 11.)

# DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

*PJG*

Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

*PJG*

B.  **Statute of Limitations**

The respondent argues that Tate's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).  Because Tate was convicted before the effective date of the AEDPA—April 24, 1996—Tate had one year from the effective date of the AEDPA in which to file his federal habeas petition.  See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).  Accordingly, the limitations period began to run on April 25, 1996 and expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application or other collateral review.  See Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); see 28 U.S.C. § 2244(d)(2).

Because Tate filed a state PCR application on December 4, 1995 prior to the enactment of the AEDPA, the parties appear to agree that Tate's period of limitations was immediately tolled when the AEDPA was enacted, and remained tolled during the pendency of his 1995 PCR action.  See 28 U.S.C. § 2244(d)(2).  Accordingly, under the general AEDPA limitations rule, Tate had one year from the date when the South Carolina Supreme Court issued the remittitur from its order denying Tate's certiorari petition.

The respondent appears to concede that Tate's time to file his federal habeas petition was further tolled during the pendency of his 2001 state habeas corpus petition.  Assuming that Tate's statutory time was tolled during this action, Tate's 2011 federal habeas petition would still be untimely.  Tate argues, however, that he is also entitled to tolling of four additional periods of time.

Page 8 of 14

PJG

Tate appears to make the argument that the fact that he filed a petition for rehearing on July 10, 2001—and which the respondent did not include within the record filed with the court—should entitle him to a greater period of tolled time. As discussed above, the South Carolina Supreme Court issued its opinion on June 25, 2001 affirming the decision of the PCR court. (ECF No. 31-12.) Tate filed a petition for rehearing on July 10, 2001 (ECF No. 46-1 at 1-3), which was denied on August 8, 2001. (Id. at 4.) The remittitur was also issued August 8, 2001. (ECF No. 31-13.) To the extent that the parties agree that Tate's time to file his federal habeas petition was tolled during the pendency of his state habeas corpus petition, Tate's period of limitations did not begin to run again until August 8, 2010, the date the South Carolina Supreme Court issued the remittitur. Accordingly, Tate's argument that he is entitled to additional tolled time in this regard is without merit.

Additionally, Tate argues that his "other PCR action(s)" should have tolled his statutory time period because the AEDPA "only requires that the PCR be properly filed." (ECF No. 46 at 9.) Tate's argument appears to rely on section 2244(d)(2), which unambiguously states that the one-year limitations period is tolled while "a *properly filed* application for State post-conviction or other collateral review . . . is pending." (emphasis added.) Although Tate does not specify to which PCR actions he is referring, it is clear from the record that Tate's 2008 PCR application, 2001 state petition for a writ of habeas corpus, and 2005 writ of mandamus—to the extent the courts considered these filings as PCR applications—all were determined to be untimely. Accordingly, to the extent these actions were viewed as PCR applications, they did not toll the statute of limitations and were not considered properly filed. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Tate's argument must fail.

PJG

Tate also argues that he is entitled to an additional ninety days of tolled time following the denial of his first PCR application in which to petition the United States Supreme Court. However, section "2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Contrary to § 2244(d)(1)(A), which takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review, § 2244(d)(2) contains no such provision but instead only tolls the period for a properly filed petition for "State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). As the court held in Ott v. Johnson, a petition for writ of certiorari to the Supreme Court is not an application for "State" review that would toll the limitations period. Ott, 192 F.3d at 513. Additionally, the court reasoned that as a state post-conviction application becomes final after a decision by the state's high court, requesting relief from the Supreme Court is not necessary for prosecuting state habeas relief and is irrelevant to federal habeas jurisdiction. Id. "Thus, unlike direct review, there is no judicial interest in habeas proceedings for tolling the limitations period for Supreme Court certiorari petitions." Id. Accordingly, Tate is not entitled to the additional tolled time that he seeks. Moreover, even if this time were to be included in Tate's limitations period, Tate's Petition would still be untimely.

Finally, Tate essentially argues that his petition for a writ of mandamus, which was filed in state court following Tate's voluntary withdrawal of his 2005 federal habeas petition, should have tolled his statutory time. To toll the statute of limitations, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). The respondent argues that Tate's limitations period should not be tolled because a mandamus action does not qualify as "other collateral review" under the recent United States Supreme Court holding

*PJG*

in Wall v. Kholi, ___ U.S. ___, 131 S.Ct. 1278 (2011), which defined "other collateral review" for purposes of § 2244(d)(2) as "judicial review of a judgment in a proceeding that is not part of direct review." Kholi, 131 S.Ct. at 1282. The Supreme Court has stated that examples of collateral review include proceedings under 28 U.S.C. § 2255, Rule 35 proceedings, and petitions for writs of habeas corpus and *coram nobis*. Id. at 1284. Consistent with Kholi, other courts have held that petitions for mandamus which do not seek post-conviction or other collateral review of the judgment of conviction do not toll the limitations period. See Moore v. Cain, 298 F.3d 361, 365-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236 (2003) (denying statutory tolling for a writ of mandamus which sought a ruling on a habeas denial rather than review of the underlying criminal judgment); Branham v. Ignacio, 83 F. App'x 208, 209 (9th Cir. 2003) (concluding that a mandamus petition seeking to compel document production did not toll the limitations period); Thomas v. Tucker, No. 4:10-276-RH/WCS, 2011 WL 7052582, at *2 (N.D.Fla. Dec. 7, 2011) (finding that a petition for writ of mandamus that sought only discovery was not an application for collateral review of the underlying criminal judgment); Tatum v. Secretary, Dep't of Corr., No. 8:10-904-T-33TGW, 2011 WL 573838, at *5 (M.D.Fla. Feb. 15, 2011) (finding that a mandamus petition that "did not attack the legality of [the petitioner's] conviction or sentence" did not toll the limitations period); Williams v. Thaler, No. H–11–0555, 2011 WL 2295241, at *2-3 (S.D. Tex. June 8, 2011) (denying statutory tolling for a writ of mandamus seeking a ruling on a habeas denial rather than review of the underlying criminal judgment). In this case, Tate's mandamus petition sought discovery requests from the grand jury foreman and county solicitor—not a review of the pertinent judgment or claim. Accordingly, § 2244(d)(2) does not apply and his petition for a writ of mandamus cannot toll the limitations period. See Moore, 298 F.3d at 366. Moreover, even if this time were to be included in Tate's limitations period, Tate's Petition would still be untimely.

C.  **Equitable Tolling**

Tate argues that even if his statutory time is not tolled for the reasons argued above, he is entitled to equitable tolling because the record clearly shows that he has diligently been pursuing his rights. (ECF No. 46 at 10.) Tate also argues that his general lack of knowledge of the law, including that he did not receive "notification about timely filing his action or the consequences if he withdrew his first petition," present extraordinary circumstances. (Id.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Tate must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

To the extent that Tate alleges that he is entitled to equitable tolling due to lack of knowledge of the law, Tate's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling. See United States v. Sosa, 364 F.3d at 512 (holding that "even in the case of an

Page 12 of 14

PJG

unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original). Upon thorough review of the filings in this matter, the court finds that Tate has failed to demonstrate that he would be entitled to equitable tolling of the limitations period under this standard.

## RECOMMENDATION

Based upon the foregoing, the court finds that Tate's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 30) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).