IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jay Walter Tate, Jr., | ) |
| | ) CA No. 0:11-332-TMC |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| Warden Eagleton, | ) |
| | ) |
| Respondent. | ) |

Petitioner Jay Walter Tate, Jr. (Tate), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. Nos. 1, 11.) The respondent filed a return to the petition and motion for summary judgment on September 2, 2011. (Dkt. Nos. 30, 31, 32.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 48.)[1] The Report recommends granting the respondent's motion for summary judgment. The court adopts the Report and grants the motion for summary judgment.

**I.**

Tate was tried and found guilty in the Cherokee County General Sessions Court on January 18, 1995 for murder and assault and battery of a high and aggravated nature (ABHAN).[2] He was sentenced to life imprisonment and nine years for the murder and ABHAN convictions,

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Tate murdered his wife and assaulted his stepson.

respectively, to serve concurrently. Following his conviction, he timely filed an appeal, but his counsel filed an *Anders*[3] brief. His appeal was dismissed by the South Carolina Supreme Court for failure to timely serve the record on appeal, and the remittitur was issued November 20, 1995. Following the dismissal of his appeal, Tate filed a number of other post-conviction actions:

1. Tate filed a *pro se* post-conviction relief (PCR) application in the state circuit court on December 4, 1995. Following an evidentiary hearing, the PCR judge dismissed the application with prejudice on August 11, 1998. The Supreme Court granted Tate's petition for writ of certiorari and granted a belated direct appeal, ordering briefing on the issue of whether counsel was ineffective for failing to challenge the validity of the original indictments. The Supreme Court affirmed the PCR court on June 25, 2001. Following the denial of rehearing, remittitur was sent August 8, 2001.

2. Tate then filed a *pro se* "petition for a writ of habeas corpus" in circuit court on November 2, 2001, which the circuit court dismissed on October 1, 2003. Tate appealed, and his appellate counsel filed an *Anders* brief. The South Carolina Court of Appeals dismissed his appeal, and the remittitur was sent on June 8, 2005.

3. Tate then filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district on July 28, 2005. On May 10, 2006, Tate filed a motion to voluntarily withdraw his petition without prejudice, which was granted on May 15, 2006.

4. Next, Tate filed a "writ of mandamus" in circuit court on August 2, 2005. This action was dismissed on April 17, 2007. Tate appealed, and the dismissal was affirmed by the court of

---

[3] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

appeals on September 2, 2009.

5. Tate filed an additional PCR application on August 8, 2008, which was dismissed by the circuit court on December 3, 2009 as successive and untimely. His appeal was dismissed by the Supreme Court, and the remittitur was issued on December 6, 2010.

Subsequently, Tate filed this action on February 9, 2011 and an amendment on May 17, 2011. (Dkt. Nos. 1, 11.). He raises the following claims:

> **Ground One:** The state court decision denying me relief on my claim of ineffective assistance of counsel was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Two:** The state court decision denying me relief on my claim of a[n] unconstitutional burden shifting reasonable doubt jury instruction was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Three:** The state court decision denying me relief on my claim of lack of subject matter jurisdiction, or lack of jurisdiction for my indictments not being filed with the clerk of court was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Four:** The state court decision denying me relief for a violation of the 180 day rule, was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **Ground Five:** The state court decision denying me relief on my writ of mandamus was objectively unreasonable to clearly established federal law as determined by the United States Supreme Court[.]
>
> **[Ground Six:]** The state court decision not to grant Petitioner relief on his due process claim of a[n] irregularity in the indictment process was objectively unreasonable to clearly established law as provided by the United States Supreme Court.

(Dkt. Nos. 1, 11.) The respondent filed a return and motion for summary judgment on September 2, 2011. (Dkt. Nos. 30, 31, 32.) Following Tate's response, the magistrate judge filed the Report, recommending that the respondent's motion for summary judgment be granted. The magistrate

judge reasoned that Tate failed to timely file his habeas petition within the one-year statute of limitations as provided for by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and no circumstances justified the equitable tolling of that statute of limitations. (Dkt. No. 48.) Tate timely filed objections to the Report. (Dkt. Nos. 54, 55.)[4] Tate argues that the Report should not be adopted because (1) extraordinary circumstances prevented him from timely filing this action; (2) those extraordinary circumstances were beyond his control; and (3) he was prevented from filing a timely petition because neither the court nor the defendant informed him at the time his original habeas petition was dismissed that a subsequent petition could be time-barred. For the reasons set forth below, the court finds these objections unpersuasive and adopts the recommendation of the magistrate judge.

## II.

### A.

Because Turner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), review of his claims is governed by 28 U.S.C. § 2254. *See, e.g.*, *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). A one-year statute of limitations governing § 2254 habeas petitions is provided for in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[5]

---

[4] On April 11, 2012, the court granted Tate's motion for extension of time to file objections to the Report. (Dkt. No. 51.) Both sets of objections were filed within the extended deadline established by the court.

[5] As noted in the Report, Tate's conviction occurred prior to the AEDPA's enactment, so he had one year from the effective date of the AEDPA in which to file his federal habeas petition, not including tolling periods. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

Here, Tate's objections respond only to the magistrate judge's recommendation as to equitable tolling and fail to address the statute of limitations discussion. As such, the court adopts the magistrate judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that in the absence of specific objection, this court is not required to provide an explanation for adopting the recommendation); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that in the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error). Accordingly, the court holds that Tate's petition for a writ of habeas corpus is barred by the statute of limitations.

**B.**

However, as discussed by the magistrate judge, the United States Supreme Court and the Fourth Circuit have held that the AEDPA's statute of limitations is subject to equitable tolling—but only when (1) the petitioner has pursued his rights diligently; and (2) extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating equitable tolling is available "when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit"); *see also Harris v. Hutchinson*, 209 F.3d, 325, 330 (4th Cir. 2000) (stating that equitable tolling only applies in "those rare circumstances where—due to circumstances external to [the petitioner's] own conduct—it would be unconscionable to enforce the limitation against [the petitioner]"). Undoubtedly, as evidenced by his numerous actions in

both state and federal court, Tate has been diligent in pursuing his rights. The question remains, however, whether Tate has shown extraordinary circumstances exist.

As previously noted, Tate alleges (1) extraordinary circumstances prevented him from timely filing this action; (2) those extraordinary circumstances were beyond his control; (3) neither the court nor the defendant informed him at the time his original habeas petition was dismissed that a subsequent petition could be time-barred.[6] The court finds these objections unpersuasive.

First, Tate alleges that the extraordinary circumstances in his case are that the state prosecutors lied about his original indictments: "The State of South Carolina lying in court under oath is an extraordinary circumstance." He argues that had the state prosecutor not "lied," then he would not have pursued the course of action he took. The court notes that the issue of the sufficiency of his indictments (and his counsel's action regarding them) has been exhaustively examined in the state court system. In the least, both his 2000 belated direct appeal at the South Carolina Supreme Court and his 2005 PCR appeal at the South Carolina Court of Appeals involved the review of these indictments. Both times the state court found his claims meritless. Consequently, the court holds that this circumstance is not extraordinary and fails to justify equitable tolling. *See Rouse*, 339 F.3d 238, 248–49 (stating mistake of counsel is not a ground for equitable tolling and citing other authority as to same).

Secondly, Tate argues that the circumstances presented were beyond his control: he alleges that he would not have filed his subsequent actions (the "writ of mandamus" and the original habeas petition) were it not for the state's alleged misconduct. The court infers from this argument that he is alleging that he would have filed this petition for a writ of habeas corpus timely had he not been "forced" to file the earlier actions. The court interprets this argument as a complaint about

---

[6] Both the third argument in his initial objections and entire supplemental objections address this point.

the unfamiliarity of the legal process. That Tate did not know the implications of his chosen course of action on the statute of limitations does not constitute an extraordinary circumstance justifying equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Cross-Bey v.Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources).

Finally, Tate claims that at the time he *voluntarily* moved for his original habeas petition to be dismissed, neither the other counsel nor the defendants informed him in any way that dismissal could result the time bar of subsequent petitions. Again, ignorance of the law or legal process is not an extraordinary circumstance. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); *Sosa*, 364 F.3d at 512 (4th Cir. 2004) (holding that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Cross-Bey,* 322 F.3d at 1015 (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources).

Therefore, the court holds that Tate has failed show that extraordinary circumstances justify the application of equitable tolling here. As such, based on the foregoing, his petition for a writ of habeas corpus under 28 U.S.C. § 2254 was filed after the expiration of the one-year statute of limitation and was untimely under the AEDPA. 28 U.S.C. § 2244(d).

## IV.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 48.) It is therefore **ORDERED** that the respondent's motion for summary judgment is **GRANTED**. (Dkt. No. 30.) The petitioner's petition for a writ of

habeas corpus is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
August 1, 2012